# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

ARNOLD C. THOMPSON,

    Plaintiff,

v.                                              Case No. 24-CV-601

CHRISTOPHER STEVENS, *et al.*,

    Defendants.

## ORDER

On August 12, 2024, plaintiff Arnold C. Thompson, who is incarcerated and representing himself, filed a motion for the court to reconsider the July 23, 2024, screening order, and a motion to amend his complaint. (ECF Nos. 10, 11.) For the reasons stated below, the court will grant Thompson's motion to amend the complaint and accept the amended complaint, (ECF No. 11-1), as the operative complaint. Because the court is allowing Thompson to amend his complaint, the motion to reconsider the July 23, 2024, screening order is denied as moot.

Under Federal Rule of Civil Procedure 15(a), "courts should freely allow pleading amendments 'in the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, [or] futility of amendment." *King v.*

*Cooke*, 26 F.3d 720, 723 (7th Cir. 1994) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).

Also, Civil Local Rule 15(a) requires that "[a]ny amendment to a pleading . . . must reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference." Civil Local Rule 15(b) requires that a motion to amend a pleading "must state specifically what changes are sought by the proposed amendments. The proposed amended pleading must be filed as an attachment to the motion to amend."

Thompson's motion complies with the federal and local rules and the court sees no reason why he should not be allowed to amend his complaint. Because Thompson was incarcerated when he filed his amended complaint, the Prison Litigation Reform Act, 28 U.S.C. § 1915A(a) requires the court to screen the amended complaint. The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain

2

enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

As outlined in the court's July 23, 2024, screening order, Thompson may still proceed against defendant Warden Christopher Stevens on his claim for injunctive relief because Redgranite Correctional Institution's (RGCI) urinalyses policy allegedly violates the Eighth Amendment. (ECF No. 9 at 13-14.)

However, for the reasons stated in the July 23, 2024, screening order, Thompson may not proceed against defendants Stevens, Gierach, Barber, Grenier, and Sawall for failing to protect Thompson by properly carrying out the administrative review process and the Prison Rape Elimination Act (PREA) investigation. (*Id.*, at 11-13.)

3

Thompson may proceed against C.O. McGibbon for allegedly sexually harassing him in violation of the Eighth Amendment. Prison officials' conduct other than touching, when done "in a harassing manner intended to humiliate and inflict psychological pain," may violate the Eighth Amendment. *Calhoun v. DeTella*, 319 F.3d 936, 939 (7th Cir. 2003); see also *Wood v. Beauclair,* 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment."). Thompson alleges that McGibbon, forced him to "pull his pants down, sit face him with the plaintiff legs open and expose his penis" to take a urine test, threating punishment if he did not do so. (ECF No. 11-1 at 2.) Thompson asserts that McGibbon forced him to do so for his own sexual gratification and to humiliate Thompson. (*Id.* at 4.) Additionally, Thompson may proceed on a claim against Capt. Ross on a failure to protect claim because he was aware McGibbon was forcing Thompson to take a urine test this way and did nothing to stop him. (*Id.* at 4-5.)

Thompson may only proceed against McGibbon and Ross in their individual capacities because his claim against Stevens for injunctive relief will accomplish the same relief as he would receive if proceeding against McGibbon and Ross in their official capacities.

**IT IS HEREBY THEREFORE ORDERED** that Thompson's motion for reconsideration (ECF No. 10) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Thompson's motion to amend the complaint (ECF No. 11) is **GRANTED**. Thompson's amended complaint (ECF No. 11-1) is the operative complaint.

**IT IS FURTHER ORDERED** that defendants Grenier, Barber, Sawall, and Gierach are **DISMISSED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendants Stevens, C.O. McGibbon, and Capt. Ross. It is **ORDERED** that, under the informal service agreement, those defendants shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Office of the Clerk of Courts
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

Thompson is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Thompson is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Thompson' failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this 10th day of October, 2024.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge